✓ FILED ___ LODGED
___ RECEIVED ___ COPY

JAN 07 2013

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ M DEPUTY

David D. Lin (*Pro Hac Vice Application Filed Herewith*)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| STRIPES39, LLC and CARL NG,<br><br>Plaintiffs,<br><br>-against-<br><br>ASSOCIATION FOR SUPERVISION AND CURRICULUM DEVELOPMENT d/b/a ASCD,<br><br>Defendant. | Case No.: CV-13-30-PHX-BSB<br><br>**COMPLAINT** |

Plaintiffs Stripes39, LLC and Carl Ng ("Plaintiffs"), by and through their undersigned attorney, allege against Association for Supervision and Curriculum Development ("Defendant" or "ASCD") as follows:

### NATURE OF THE CASE

1. This is an action seeking declaratory judgment that Plaintiffs' registration and use of the Internet domain name <EducationalLeadership.com> (the "Domain Name") does not constitute trademark infringement or a violation of the Anti-cybersquatting Consumer Protection Act ("ACPA"), and that Plaintiffs are the rightful registered name holder or registrant of the Domain Name. Plaintiffs seek to bar the transfer of the Domain Name to

1

Defendant. This action also seeks the cancellation of the Defendant's trademark registration of the term "educational leadership" because the mark is generic or merely descriptive, and a declaratory judgment that Defendant has no valid protectable trademark rights in the term "educational leadership." This action also seeks relief for Defendant's bad faith actions constituting unfair competition.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action because: (i) it involves a federal question; (ii) it involves a federally registered trademark; and (iii) it requires a declaration of rights and other legal relations. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . trademarks."); and § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.")

3. This Court has supplemental jurisdiction over Plaintiffs' state law claim under 28 U.S.C. § 1367, as such claim forms part of the same case or controversy as Plaintiffs' federal law claims.

4. Venue is proper in this Judicial District because the property that is the subject of the action, the <EducationalLeadership.com> domain name, is located here. *See* 28 U.S.C. 1391(b) ("A civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in . . . (2) a judicial district in which . . . a substantial

part of property that is the subject of the action is situated . . . ." In addition, the relevant sponsoring registrar, GoDaddy.com, Inc. ("GoDaddy"), is located within this Judicial District.

5. Purusant to the Uniform Domain Name Dispute Resolution Policy ("UDRP") Paragraph 3(b)(xiii), the Complainant (in this case, now Defendant) is required to explicitly consent to a "mutual jurisdiction," in which challenges to a decision under the UDRP may be brought by the Respondent (in this case, now Plaintiffs). Defendant expressly consented to jurisdiction in this District for actions such as this one.

## THE PARTIES

6. Plaintiff Stripes39, LLC ("Stripes39") is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business at 111 S. Jackson St, Ste 500, Seattle, WA 98104.

7. Plaintiff Carl Ng ("Ng") is an individual domiciled in the State of Washington.

8. Upon information and belief, Defendant ASCD is a not-for profit corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business at 1703 N. Beauregard St., Alexandria, VA 22311-1714.

## FACTUAL ALLEGATIONS

9. Plaintiff Ng is a web design and marketing professional. He is a Co-Founder and the Chief Operating Officer of Plaintiff Stripes39, a Seattle-based Internet marketing company focused on creating world-class digital consumer experiences.

10. Plaintiffs purchased and registered the <EducationalLeadership.com> domain name in good faith in June 2011 for the purpose of developing a website (the "Website") that

would serve as a resource for students looking for advanced degrees in the field of Educational Leadership. The Website has been active since 2011.

11. "Educational leadership" is a term that refers to those individuals who make decisions in running an individual school or a school district. These individuals typically include the superintendents, principals, dean, associate deans and curriculum directors. These roles usually require an advanced degree, and there are hundreds of degree-granting programs in the United States in the area of Educational Leadership.

12. After purchasing and registering the Domain Name, Plaintiffs made demonstrable efforts to create a business under the Domain Name.

13. The registration and use of domain names comprised of generic, descriptive, keyword and/or dictionary terms is widely recognized as a good faith use.

14. Plaintiffs did not register the Domain Name with the intent to sell it to Defendant, or to disrupt Defendant's business, nor to confuse consumers trying to find the Defendant's website.

15. Upon information and belief, Defendant manufacturers and sells various goods under the trademark "EDUCATIONAL LEADERSHIP" (the "Alleged Mark") and has procured U.S. federal trademark registration Nos. 1,726,476 and 2,486,599 in connection with such goods and services.

16. On this basis, Defendant asserted a meritless legal claim against Plaintiffs' rightful property, the Domain Name. This has created a case of actual controversy for adjudication by the federal courts.

17. On November 8, 2012, Defendant filed a UDRP complaint against Plaintiff regarding the Domain Name.

18. On December 20, 2012, a UDRP panelist issued a decision directing that the registration of the Domain Name be transferred to Defendant.

19. The UDRP expressly provides that a domain name transfer directed by a UDRP panelist shall not be implemented if a lawsuit is commenced against the complainant (*i.e.*, the Defendant in this case) within ten (10) business days of the date of the UDRP panelist's decision.

20. The UDRP also provides that any lawsuit relating to a domain name subject to a UDRP decision shall be reviewed *de novo* – that is, without regard for the UDRP decision.

21. Plaintiffs commenced this action within said ten (10) business day period to prevent transfer of the Domain Name and seek an order declaring that Plaintiffs' use and registration of the Domain Name do not violate Defendant's rights.

## COUNT I
## DECLARATORY RELIEF (NO VIOLATION OF ACPA)

22. Plaintiffs incorporate and realleges paragraphs 1 through 21 above as if fully set forth herein.

23. This is an actual controversy with respect to whether Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the Anti-cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA").

24. At the time Plaintiffs registered the Domain Name, the Alleged Mark was neither "distinctive" nor "famous" as provided under 15 U.S.C. § 1125(d)(1)(A)(ii).

25. In registering the Domain Name, Plaintiffs lacked any "bad faith intent" as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's Alleged Mark.

26. Defendant has no right to the exclusive use of the Alleged Mark, nor did it have such a right at the time Plaintiffs registered the Domain Name.

27. Plaintiffs had reasonable grounds to believe their registration and/or use of the Domain Name was a fair use or otherwise lawful, as provided in 15 U.S.C. § 1125(d)(1)(B)(ii).

28. Plaintiffs' registration or use of the Domain Name does not violate Defendant's rights under the ACPA.

## COUNT II
## DECLARATORY RELIEF (NO VIOLATION OF LANHAM ACT)

29. Plaintiffs incorporate and realleges paragraphs 1 through 28 above as if fully set forth herein.

30. This is an actual controversy with respect to whether Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

31. Plaintiffs' registration and use of the Domain Name does not, and is not likely to, cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiffs with Defendant, or as to the origin, sponsorship, or approval of Plaintiffs' goods, services, or commercial activities by Defendant.

32. Plaintiffs' registration and use of the Domain Names does not misrepresent the nature, characteristics, qualities, or geographic origin of Plaintiffs' or Defendant's goods, services, or commercial activities.

33. Plaintiffs' registration or use of the Domain Name does not violate Defendant's rights under the Lanham Act.

34. Pursuant to 15 U.S.C. § 1114(2)(D)(v), Plaintiffs are entitled to injunctive relief including but not limited to an order prohibiting the transfer of the Domain Name to Defendant.

## COUNT III
## CANCELLATION OF TRADEMARK

35. Plaintiffs incorporate and realleges paragraphs 1 through 34 above as if fully set forth herein.

36. The term "educational leadership" is generic or merely descriptive.

37. "Educational leadership" is a common term that refers to those individuals who make decisions in running an individual school or a school district.

38. The generic or merely descriptive term "educational leadership" cannot be protected under trademark law when used in its generic or descriptive sense.

39. Defendant's use of the term "educational leadership" lacks secondary meaning.

40. Buyers or potential buyers of Defendant's products or services do not connect the term "educational leadership" with Defendant, but merely with the individuals who make decisions in running an individual school or a school district.

41. The public does not recognize the alleged mark "Educational Leadership" as identifying Defendant's products or services, or as distinguishing Defendant's products or services from those produced by other companies.

42. Defendant has no protectable rights in the term "educational leadership" when used with the goods and/or services for which it is registered.

43. The term "educational leadership" is a generic term when used with the goods and/or services for which it is registered. In the alternative, the term "educational leadership" is merely descriptive and has not acquired sufficient secondary meaning.

44. United States Trademark registration Nos. 1,726,476 and 2,486,599 for the word mark "educational leadership" should be deemed unprotectable and cancelled.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

45. Plaintiffs incorporate and realleges paragraphs 1 through 44 above as if fully set forth herein.

46. Defendant filed and prevailed in a UDRP complaint and has suggested legal proceedings, contending that Plaintiffs used the Domain Name in violation of anti-cybersquatting and/or trademark laws.

47. Defendant's wrongful and baseless accusations of infringement have created a cloud on Plaintiffs' title to the Domain name.

48. As a result of Defendant's past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiffs' time, effort and attorney's fees in defending against Defendant's baseless claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A. a declaration that Plaintiffs have not violated and are not violating the ACPA;

B. a declaration that Plaintiffs have not violated and are not violating the Lanham Act;

C. a declaration that Plaintiffs have not violated and are not violating the trademark rights of Defendant;

D. a declaration that Plaintiff registered and has used the Domain Name in good faith and is the rightful registrant of the Domain Name;

E. a declaration that the UDRP decision was wrongfully issued, reversing the decision, and ordering it expunged;

F.	a declaration that Defendant does not have a valid trademark to the term "educational leadership" under federal law, and a certification of such declaration to the Director of the U.S. Patent and Trademark Office under 15 U.S.C. § 1119 for appropriate cancellation action, with instructions to the U.S. Patent and Trademark Office to record the declaratory judgment and cancel Registration Nos. 1,726,476 and 2,486,599 and all of Defendant's registrations filed with such Office that reflect any intellectual property rights to the term "educational leadership";

G.	a judgment awarding Plaintiffs monetary compensation for damages sustained by the Defendant's wrongful actions as alleged in this Complaint;

G.	an award of reasonable attorney's fees and expenses; and

H.	such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all matters triable before a jury.

Dated: Brooklyn, New York
       January 4, 2013

                                        LEWIS & LIN, LLC

                                        By: _____
                                        David D. Lin
                                        (*Pro Hac Vice Application Filed Herewith*)
                                        45 Main Street, Suite 608
                                        Brooklyn, NY 11201
                                        Tel: (718) 243-9323
                                        Fax: (718) 243-9326
                                        Email: David@iLawco.com

                                        *Counsel for Plaintiffs*